BOOTH, Judge.
This cause is before us on an appeal from a final judgment finding appellants guilty of armed robbery. Appellants’ appeal, inter alia, the denial of their motion to suppress certain evidence found in a search of the apartment in which they were arrested. The apartment was owned by the girlfriend of one of the appellants, who gave police a written consent form authorizing the search. Appellants rely on Silva v. State, 344 So.2d 559 (Fla.1977). There, a woman who lived with the accused, though not married, consented to a search of a closet, which contained only belongings of the accused and which she only went into when cleaning. The Florida Supreme Court held that her consent did not give police authority to conduct a warrantless search over the accused’s objections. Here, the girlfriend told the officers that she was the owner of the apartment, signed a written consent form and directed the officers to the bedroom where the evidence was found. At hearing on motion to suppress, Winchester *463 testified that his name was on the lease as co-tenant. No lease was put in evidence. Moreover, there was no showing that defendant, even if a co-tenant, had any expectation of privacy in the closet wherein the evidence was found.
We note that the United States Supreme Court has recently declared that defendants no longer are entitled to claim “automatic standing” to challenge the legality of a search without regard to whether they had an expectation of privacy in the premises searched. U. S. v. Salvucci, - U.S. -, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), overruling Jones v. U. S., 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The same day, the United States Supreme Court issued its opinion in Rawlings v. Kentucky, - U.S. -, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), holding that a defendant charged with drug violation had no expectation of privacy in a search of an acquaintance’s purse in which he had placed his own drugs. We find those decisions controlling.
Accordingly, the judgment below is affirmed.
ROBERT P. SMITH, Jr. and SHAW, JJ., concur.